RONALD M. MIGHELL and LESLEE E. MIGHELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mighell v. Commissioner
Docket No. 991-83.
United States Tax Court
T.C. Memo 1985-135; 1985 Tax Ct. Memo LEXIS 502; 49 T.C.M. (CCH) 1017; T.C.M. (RIA) 85135; March 25, 1985. Ronald M. Mighell and Leslee E. Mighell, pro so. Steven K. Dick, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined *504 a deficiency of $842 in petitioners' 1980 Federal income tax liability, and asserted an addition to tax under section 6653(a) [1] in the amount of $42.10.The issues for decision are: (1) whether petitioners are persons subject to the provisions of the Internal Revenue Code, (2) whether the compensation received by petitioner Ronald M. Mighell in exchange for his labor is income under section 61, (3) whether petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations; (4) whether petitioners' proceeding before this Court was instituted or maintained primarily for delay, or that petitioners' position herein is frivolous or groundless. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation, together with the accompanying exhibits, are incorporated herein by this reference. The petitioners, Ronald M. Mighell and his spouse, Leslee E. Mighell, resided in Indianapolis, Indiana, at the time of the filing of the petition herein. During 1980, *505 Ronald M. Mighell (hereinafter singularly referred to as "petitioner") received compensation for services from various employers aggregating $11,753.00. The total Federal income tax withheld on these wages was $1,256.00. On or about April 15, 1981, petitioners filed a document purporting to be a U.S. Individual Income Tax Return (Form 1040), for the taxable year ended December 31, 1980, with the Internal Revenue Service Center in Memphis, Tennessee. The document, was not an official government form, but rather was a privately published form, [2] commonly called a "Eugene J. May return." A "Eugene J. May" return at first glance appears in all respects to be a facsimile of an official Form 1040. Upon closer examination, however, it clearly appears that the "Eugene J. May return" does not conform to the official Form 1040. The margin captions for lines 8 through 22 and lines 23 through 30 of the Eugene J. May return read, respectively, "Receipts" and "Adjustments to receipts," rather than "Income" and "Adjustments to income" as appear on the official Form 1040. In addition, various item captions depart from those that appear on the official form. Thus, line 9 reads "Interest receipts" *506 rather than "Interest income" and line 22 reads "Total receipts" instead of "Total income." The nonconformities are less subtle with respect to the item captions for lines 23 through 30 (the lines that, on the official form, are for reporting "above-the-line" deductions). These lines read as follows: 23. Non-taxable receipts 24. Title 26, Section 1(a)(b)(c)(d) 25. 26. 27. 28. 29. Penn Mutual Indemnity Co. v. Comm'r. 32 T.C. (1959) 30. Total adjustments. Add lines 23 through 29 Petitioners reported on this document wages of $11,755 and claimed a deduction on line 23 for "non-taxable receipts" of $11,755. [3] As result, petitioners reported no tax liability for 1980 and claimed a refund for the $1,256 of withheld taxes. *507 Petitioners were first contacted by respondent with respect to their 1980 income tax by letter, dated October 29, 1981, from Revenue Agency Carolyn S. Travis advising petitioners that their 1980 tax liability had been selected for audit and an office conference was scheduled for November 12, 1981. On November 7, 1981, petitioner wrote to Ms. Travis cancelling the appointment and requesting a new one on November 24, 1981. By letter dated November 10, 1981, Ms. Travis confirmed the rescheduled appointment date. On November 22, 1981, petitioner advised Ms. Travis by letter that he and his wife would not be able to meet her on November 24, 1981, and asked that the appointment be rescheduled for December 8, 1981. Petitioner also advised that he would like to have at the meeting "facilities for ten witnesses with tape recorders." Ms. Travis consented to petitioners' rescheduled appointment date in a letter dated December 1, 1981, but advised petitioner that facilities could only be provided to accomodate both petitioners and two witnesses. On December 8, 1981, petitioner telephoned Ms. Travis and cancelled the appointment scheduled for that date. Shortly thereafter, Ms. Travis *508 telephoned and spoke with petitioner's wife about rescheduling the conference. Petitioner's wife advised Ms. Travis that petitioner would return her call, but he failed to do so. On October 15, 1982, a statutory notice of deficiency was sent to petitioners. Petitioners thereafter timely filed the petitioner herein. On February 8, 1983, respondent wrote to petitioners advising them that the respondent intended to request in this proceeding an award of damages allowable under section 6673 for proceedings instituted primarily for delay or on frivolous grounds. Respondent's letter contained an explanation of the section 6673 damages as well as a discussion of those legal authorities holding contrary to petitioners' positions. OPINION There is no dispute herein that petitioner received compensation for services in 1980. Rather, it is petitioner's position that (1) he and his wife are not persons subject to the provisions of the Internal Revenue Code, and (2) none of the compensation received by him for his services is "income", since the wages represented an equal exchange of labor (human capital) for property. The path petitioners have chosen is one that is littered with similar *509 "tax protester" arguments advanced before, and rejected by, this and other courts. Petitioner's jurisdictional argument is not a challenge to the constitutionality of the Internal Revenue Code, but rather is based upon the erroneous premise that they are not persons subject to the provisions of the Code. Section 6012, which expressly applies to "every individual," is to the contrary. Petitioners' second argument (the "equal exchange" or "quid pro quo" theory) is equally devoid of merit. Petitioners misconstrue the oft-cited phrase in , defining income as "gains from capital, labor, or from both combined," and maintain that petitioner derived no gain from his employment, having merely received property in an equal exchange for labor or human capital. Section 61 clearly provides that compensation for services is income for Federal income tax purposes. The argument that wages do not constitute income is one that has been categorically refuted in every instance in which it has been raised. E.g., , affg. a Memorandum Opinion of this Court; ; *510 ; , affd. per curiam . That wages are income is as clear a rule as exists in the tax law today. Respondent's determination that petitioners are liable for a deficiency of $842.00 is accordingly sustained. Respondent has also determined that petitioners are liable for the addition to tax provided under section 6653(a). Section 6653(a) provides as follows: If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B (relating to income taxes and gift taxes), or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. An "underpayment" is defined by section 6653(c)(1), which generally adopts the definition of a "deficiency" set out in section 6211. Section 6211 defines a "deficiency" as the difference between the correct amount of the taxpayer's tax liability and the amount *511 shown on the return, both of which amounts are determined without regard to the credit under section 31 for taxes withheld from wages. [4] Where no return has been timely filed, the underpayment for purposes of section 6653 is determined without regard to the amount of tax liability shown on the return. Sec. 6653(c)(1). In the present case, petitioners have underpaid their 1980 income tax, within the meaning of section 6653, by the amount of $842.00. [5] Having found that there was an "underpayment," we turn to the question of whether the underpayment was due, in whole or in part, to negligence or intentional disregard of rules and regulations. *512 Based on the record, we find that petitioners were well aware of their duty to file and pay their taxes. Acting upon their "tax protester" principles, they chose to file what was unquestionably a deceptively altered return on or before the due date for their 1980 return. Petitioners' actions, which clearly were designed to pay lip service to their statutory duty, evidence that they were aware of their responsibilities but that they chose to flout the rules and regulations. The burden of providing that the underpayment was not due to negligence or an intentional disregard of the rules and regulations is on petitioners. , cert. denied, . Petitioners have not met their burden; therefore, respondent's determination is sustained. The final issue to be considered is whether damages should be awarded to the United States under section 6673. Section 6673, as it applies to proceedings instituted in this Court after December 31, 1982, or pending as of November 15, 1984, if begun prior to December 31, 1982, provides as follows: Whenever it appears to the Tex Court that proceedings before *513 it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Petitioners received formal notice that respondent intended to seek damages under section 6673 in the February 8, 1983 letter from respondent to petitioners. Respondent's letter advised petitioners that the "tax protester" positions advanced in the petition had been universally rejected by the courts, and that therefore petitioners' persistence in relying on these positions would only subject them to a section 6673 damages award. Petitioners were therefore aware that their grounds for contesting the deficiency had no legal basis but chose not to heed the respondent's advice. Their refusal to do so is but a part of a clear pattern of contumacious behavior, [6] and the institution of this proceeding is clearly but one of the delay tactics *514 employed by petitioners. Petitioners must bear the consequences of their actions, especially where those actions have occasioned a thoroughly wasteful expenditure of limited judicial and administrative resources. We find that this proceeding was in fact instituted primarily for delay and that petitioners' position herein is entirely frivolous and groundless. We award, therefore, damages under section 6673 of $500 to the United States. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. At the bottom of the first page of the form is the legend: "Copyright 1980, Eugene J. May."↩
3. Respondent determined the total wages received by petitioners in 1980 to be $11,753, based upon information returns filed by petitioner's employers.↩
4. This Court has heretofore restated the definition of a deficiency, as follows: Deficiency = correct tax - (tax on return + prior assessments - rebates) = correct tax - tax on return - prior assessments + rebates . In the present case there are no adjustments for prior assessments (Sec. 6211(a)(1)(B)) or for rebates (Sec. 6211(a)(2)) that enter into the computation of the petitioners' deficiency.↩
5. Petitioners claim that there has been no underpayment. Under section 6211(b)(1), taxes withheld on wages do not reduce a deficiency and therefore do not reduce an "underpayment" for purposes of section 6653(a). In the instant case, the amount of deficiency and underpayment is not reduced by any "amount shown as the tax by the taxpayer on his return." In the first place, petitioners' purported return reported a tax liability of zero. Secondly, it would appear, although the issue is not before us, that petitioners' purported return is not a valid return (see , and therefore may be disregarded for purposes of section 6653(c)(1) in computing the amount of the underpayment.↩
6. Petitioner's behavior in repeatedly cancelling and rescheduling appointments with Revenue Agent Travis was an obvious attempt at hindering and ultimately thwarting the examination process. Indeed, when asked at trial, why he never returned Ms. Travis' last telephone call for an appointment, he replied that he felt the burden of calling was on Ms. Travis, "beings [sic] she had wanted something from me and I not wanting something from her."↩